MICHAEL CANCELLO, APPELLANT, v. FEDERAL SHIP-BUILDING AND DRY DOCK COMPANY, RESPONDENT.

Argued May 20, 1948—Decided September 3, 1948.

For the appellant, *Isaac W. Seiler (Aaron Gordon,* of counsel).

For the respondent, *James A. Robottom.*

The opinion of the court was delivered by

EASTWOOD, J.   This is an appeal from a judgment of the Supreme Court reversing the Court of Common Pleas and affirming the Workmen's Compensation Bureau's dismissal of appellant's claim petition for increased compensation for partial permanent disability.   It was stipulated in the Bureau that the only issue was the extent of permanent disability. Appellant was injured on August 19th, 1944, by being suddenly struck, as he says, "with some hot boiling water or some substance right in back of the head which spattered hot substance all over my shoulders, neck, part of my face." Appellant had been paid compensation for temporary disability for 3 1/7 weeks in accordance with the then existing law and $200 representing 2% of permanent total disability. The Bureau consequently dismissed petitioner's claim for additional compensation for partial permanent disability.   On appeal, the Common Pleas increased the award to 7½% partial permanent disability on the basis of the testimony of Dr.

Stockfisch that appellant's neurological disability was in his opinion 5% partial permanent disability, causing appellant a post traumatic neurosis; and the testimony of Dr. Visconti who testified that in his opinion the appellant suffered a partial permanent disability of 2½% of total from an orthopedic standpoint. Dr. George, testifying for the respondent, stated that it was his opinion, as the result of an examination of appellant, that his permanent disability was only one-half of 1%.

Appellant contends that the Supreme Court erred in reversing the Pleas and affirming the judgment of the Bureau, arguing that the Bureau was bound by the testimony of the two medical experts, Drs. Stockfisch and Visconti, and that the Pleas properly reversed the Bureau and awarded 7½% partial permanent disability to appellant. We do not agree with appellant's reasoning. To adopt appellant's legal conclusion necessitates the elimination of any consideration by the Bureau and the Pleas of the testimony of Dr. George and of the appellant himself, the latter having appeared personally before the Bureau and the Bureau having had opportunity to observe him. The Bureau, therefore, properly took into consideration all of the testimony in reaching its conclusion that an award of 2% partial permanent disability was all the appellant was entitled to. The Bureau was not bound to follow literally the opinion testimony of Drs. Stockfisch and Visconti, but was justified in weighing all of the evidence in reaching a determination.

The extent of appellant's permanent disability was obviously in dispute, and it was, therefore, the province of the Supreme Court to decide between the findings of facts by the Bureau and the Common Pleas. *Bruno* v. *Turner & Co.*, 116 *N. J. L.* 143; 183 *Atl. Rep.* 173. Where there is any competent evidence as to the facts, this court will invariably affirm the judgment of the Supreme Court as to a fact conclusion. *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *N. J. L.* 512; 6 *All. Rep.* (2d) 396. It is not the function of this court to consider matters of proof where there is any evidence to justify the findings of the Supreme Court. *Grant* v. *Metropolitan Ice Co.*, 108 *N. J. L.* 536; 158 *Atl. Rep.*

431; *Rubeo* v. *Arthur McMullen Co.*, 120 *N. J. L.* 182; 198 *Atl. Rep.* 843. Where, as here, conflicting inferences may be drawn from the testimony, findings of fact by the Supreme Court are conclusive on appeal. *Kovalchuck* v. *Simpson & Brown*, 117 *N. J. L.* 400; 189 *Atl. Rep.* 89. The Supreme Court reviewed the evidence and came to its conclusion as a result of that review. There being ample evidence to support its findings, we will not disturb them.

The judgment of the Supreme Court is affirmed, without costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DONGES, COLIE, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.

*For reversal*—None.